**UNITED STATES of America,**
Plaintiff—Appellee,

v.

**Kenneth THURMAN, Defendant—Appellant.**

**No. 03–10346.**
**D.C. No. CR–02–00172–KJD/PAL.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 13, 2004.

Decided May 7, 2004.

Karyn Kenny, John M. Gillies, Thomas S. Dougherty, Office of the U.S. Attorney, Las Vegas, NV, for Plaintiff–Appellee.

Rene L. Valladares, AFPD, Anne R. Traum, Federal Public Defender's Office (Las Vegas), Las Vegas, NV, for Defendant–Appellant.

Before WALLACE, KOZINSKI, and THOMAS, Circuit Judges.

## MEMORANDUM *

Thurman appeals from his conviction and sentence under 21 U.S.C. § 841(a)(1) for possessing a controlled substance with intent to distribute. We have jurisdiction over Thurman's timely filed appeal pursuant to 28 U.S.C. § 1291, and we affirm.

Giving due deference to the district court's factual findings, *see United States v. Morning,* 64 F.3d 531, 532 (9th Cir. 1995) ("[W]e review the trial court's factual findings for clear error"), we conclude that the district court properly denied Thurman's motion to suppress statements from his custodial interrogation. *See United States v. Male Juvenile,* 280 F.3d 1008, 1022 (9th Cir.2002) ("We review de novo the voluntariness of appellant's confession"). Thurman faults the arresting officers for brandishing firearms and blindfolding him during his initial stop, but these tactics at his arrest did not necessarily foster a coercive atmosphere at the scene of his subsequent custodial interrogation. Because Thurman has not shown that any of the district court's factual findings were clearly erroneous, we conclude that "the totality of the circumstances" refute his assertion that the police obtained his confession "by physical or psychological coercion or by improper inducement so that [his] will was overborne." *Male Juvenile,* 280 F.3d at 1022, *quoting Derrick v. Peterson,* 924 F.2d 813, 817 (9th Cir.1990).

We likewise affirm the denial of Thurman's motion to suppress evidence from the search of his residence. Viewing the factual record "in the light most favorable to the verdict," *United States v. Kim,* 25 F.3d 1426, 1432 (9th Cir.1994), we discern no clear error in the district court's determination that Thurman voluntarily consented to the search of his home. *See United States v. Todhunter,* 297 F.3d 886, 891 (9th Cir.2002) ("We review for clear error a district court's determination of the voluntariness of a defendant's consent to a search").

**AFFIRMED.**

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

